Owen McGtvern, J.
Plaintiffs have brought on a motion to punish the defendant for contempt of this court for the alleged violation of a restraining provision contained in an order to show cause granted herein on March 14, 1957, and the further alleged violation of a restraining provision contained in an order of this court dated April 10, 1957.
Each of the foregoing orders restrained the defendant from making withdrawals or disbursements from a special bank account known as the 11 Fergus Imported Cars, Inc. Experimental Department” other than for the purposes prescribed and set forth in paragraph 5 b I of an agreement dated June 29, 1955. Pursuant to the provisions of this paragraph it is provided that although the amounts on deposit in this special and separate bank account shall be disbursed only under the defendant’s sole authority and discretion, any disbursement of money therein shall “ be for the benefit of said Experimental Department.”
The agreement under consideration was made by and between the defendant and six employees of a corporation wholly owned or controlled by him, provided, inter alia, that the defendant transfer or cause to be transferred certain corporate assets to a new corporation to be organized by these employees. Pursuant to the terms of this agreement the defendant transferred property and other assets having an estimated value of approxi *670 mately $800,000 to the plaintiff Fergus Enterprises, Inc. This newly organized corporation was to continue conducting a business for the sale and servicing of automobiles, more particularly foreign cars, from which business the defendant, having reached some 70 odd years of age, sought to retire.
In consideration of such transfer of assets by the defendant, including valuable properties located at 54th and 55th Streets, and on Broadway, in this city, it was agreed that Fergus Enterprises, Inc., would employ the defendant as consultant to the corporation for the rest of his natural life and that the defendant would be in full charge and control of an “ Experimental Division ” which the plaintiff would create. After provision that the defendant would receive a salary and bonus, which in no event would be less than that of any officer of the proposed corporation, it was further provided that the plaintiff Fergus Enterprises, Inc., would be obligated to pay over to the Experimental Division, monthly, 3% of its gross cash income, which payments were required to be deposited in a special and separate bank account, to be called the Enterprises Experimental Account, or other similar name. In fulfillment of its obligation under the last provision, Fergus Enterprises, Inc., caused Fergus Imported Cars, Inc., a wholly owned corporation, created to carry out certain of the purposes set forth in the agreement, to set up said ‘ ‘ Experimental Division ’ ’ unto which was paid, monthly, 3% of its gross income, which amount was deposited, at the defendant’s direction, into an account denominated 11 Fergus Imported Cars Inc. Experimental Department. ’ ’ (Fergus Imported Cars, Inc., is the second of the plaintiffs in this action.)
It appears that the function of this experimental division was to facilitate the defendant’s development of a new type of automobile upon which it was anticipated that valuable patent rights might issue.
It is the propriety of withdrawals from this account, in the light of the foregoing restraining orders, with which this court is now concerned, both with respect to this motion to punish for contempt and with respect to a companion motion for the appointment of a receiver.
The movants plaintiffs set forth two items in support of this motion to punish for contempt. In support of its claims that an injunctive provision of the order to show cause dated March 14, 1957 was violated, it asserts that on April 2, 1957, the very day the motion was argued, the defendant Ferguson withdrew from the special bank account in question, the sum of $6,948.82 by check drawn to his own order. The defendant *671 asserts that on the argument of the motion had before Mr. Justice Steueb it was called to the court’s attention that the said sum belonged to the defendant personally, and furthermore in defendant’s accounting of the trust account said sum was also shown to belong to the defendant. An affidavit submitted by defendant’s attorney supports this contention. It is consequently claimed that inasmuch as these funds did not belong to the experimental fund, it cannot be said department funds were paid out. The plaintiffs contend this item appeared as alleged by defendant in the accounting submitted to the court, but claim it was not orally called to the court’s attention and so far as the accounting was concerned, was buried in a mass of documents, and defendant should have applied for specific permission to withdraw these funds. The wiser and proper course of action would, of course, have been for the defendant to have applied for specific permission. However, this court does not believe, under all the circumstances, there has been demonstrated any deliberate intent to flout the restraining provisions of the order to show cause.
The second item set forth by plaintiffs in justification of this motion is the withdrawal of the sum of $500 by check dated April 17, 1957 drawn to the order of Paul Wolfe, attorney for the defendant, following the making of the order dated April 10, 1957. This sum was paid to defendant’s attorney as a retainer to bring an action to compel plaintiffs to permit the experimental department to examine plaintiffs’ records to ascertain whether or not said department was receiving fully the 3% due it of the plaintiffs ’ gross cash income. Though it is unlikely that any such disbursement was anticipated or within the contemplation of the parties to the agreement dated June 29, 1955, or the cognizance of this court when it made its order dated April 10, 1957, it cannot be said that a disbursement for such a purpose is not for the benefit of the experimental department; nor is it clearly violative of the order of Mr. Justice Steueb, which granted the plaintiffs injunctive relief only to the extent of restraining the defendant from making any further disbursements and/or withdrawals from the special and bank account “other than for the purposes prescribed and set forth in paragraph 5 b 2 of the agreement dated June 29th, 1955.” Motion to punish for contempt is thus denied.
The plaintiff’s also set forth, in support of a request to review and rehear a motion previously made by them for the appointment of a receiver, a reiteration of a multitude of facts which were previously brought to the attention of the court on the argument of the original motion for the appointment of *672 a receiver and which motion was denied. No new facts, other than those set forth in support of the application to punish for contempt, are advanced. Accordingly, motion to review and rehear the motion previously made for the appointment of a receiver is similarly denied.
Settle orders.